IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mason Harris,                    :

    Plaintiff,              :

  v.                             :      Case No. 2:05-cv-0134

Ohio Department of               :      JUDGE MARBLEY
Rehabilitation and Correction,
et al.,                          :

    Defendants.             :

OPINION AND ORDER

On March 23, 2005, the Magistrate Judge issued a Report and Recommendation recommending that Mr. Harris's complaint be dismissed without prejudice for want of jurisdiction pursuant to 28 U.S.C. §1915A. On April 1, 2005, Mr. Harris filed objections. For the following reasons, Mr. Harris's objections will be overruled and the Report and Recommendation will be adopted in its entirety.

As stated in the Report and Recommendation, Mr. Harris's claims are based on two events. First, his claims against the ODRC, Mr. Lazaroff, Mr. Fisher, and Lt. Lambert are based on a hearing he had before the Rules Infraction Board resulting from a conduct report written by Mr. Fisher. Second, his claim against Mr. Eleby stems from an order issued by the ODRC in May 1998 that he was not to be housed in the same institution as another inmate, Mr. Pianowski.

The Magistrate Judge recommended that Mr. Harris's claims against the ODRC be dismissed because the ODRC has Eleventh Amendment immunity from suit. With respect to the individual

1

defendants, the Magistrate Judge concluded that Mr. Harris had not specified whether they were sued in their official capacities or in their individual capacities.  After reviewing the complaint, the Magistrate Judge determined that it appeared that Mr. Harris brought his claims against them in their official capacities.  Consequently, Mr. Harris's claims against them were deemed to be claims against the ODRC and as such they were barred by the Eleventh Amendment.

Mr. Harris objects to the Magistrate Judge's conclusion that the defendants were sued in their official capacities.  He requests that he be permitted to amend his complaint to name the defendants in their individual capacities.

First, the Court notes that prior to the issuance of the Report and Recommendation, Mr. Harris filed two motions seeking discovery.  The Magistrate Judge properly did not consider these motions when conducting the initial screening.  The initial screening is limited to review of the allegations set forth in the complaint.  See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

After review of the complaint, the Court concludes that it does appear that Mr. Harris has sued the defendants in their official capacities.  Although he seeks monetary damages, which is one indication that the defendants might be sued in their individual capacities, see Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002), the rest of the complaint suggests an official capacity suit in that the defendants consistently are referred to by their official titles.

Amending the complaint to specify that Defendants are sued in their individual capacities would cure the defect with respect to the individual defendants.  However, in this circuit, a court has no discretion to permit a plaintiff to amend his complaint to avoid sua sponte dismissal if the complaint falls within the

requirements of 28 U.S.C. §1915A.  See McGore, 114 F.3d at 612. In this case, Mr. Harris's complaint falls within §1915A in that Mr. Harris's claims against the defendants are deemed to be claims against the ODRC and as such they are barred by the Eleventh Amendment.  Therefore, Mr. Harris's request to amend the complaint is denied and his objections (file doc. #10) are OVERRULED.  The Report and Recommendation (file doc. #7) is ADOPTED IN ITS ENTIRETY.  This action is DISMISSED WITHOUT PREJUDICE for want of jurisdiction.  All other motions are DENIED AS MOOT.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge